RECEIVED
IN LAKE CHARLES, LA.
SEP 29 2015
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:13 CR 00298-001 |
| VS. | : | JUDGE MINALDI |
| KAYED SAID MASOUD | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

Objections one through four contain factual disputes that do not impact the sentencing guidelines. A ruling is not required by the court.[1]

In his fifth objection, the defendant presents an argument for a downward departure stating that Masoud's criminal history category substantially over-represents the seriousness of his criminal history. Probation does not believe that a downward departure is warranted. Despite the fact that the defendant has a continuing pattern of blatant disregard for traffic laws, he received two criminal history points for theft in the 232nd District Court in Houston, Texas.

While on deferred adjudication probation, between August 1 and August 20, 2013,

---

[1] A hearing may be held at sentencing if the defense disputes the authenticity of the documents from the 232rd District Court of Harris County, Texas.

he committed a new offense and possessed, procured, received, or concealed, items that had been the subjects of robbery or theft, under circumstances which indicated that he knew or had reason to believe they were stolen, which objects were valued under five hundred dollars. Additionally, he failed to report to his probation officer as instructed, failed to provide proof of employment, failed to provide proof of self-employment, moved to Louisiana without permission, and continuously lied to probation about having been arrested for any new offenses since being under supervision.

He was placed on "adjudication probation" on July 22, 2013 and he committed the instant offense on September 26, 2013. Because he was on adjudication probation at the time, he was assessed two addition criminal history points, bringing his total points to four (4), and a Criminal History Score of III.

Defense counsel argues that these were nonviolent offenses that occurred over a short period of time and the criminal history score over-represents his criminal history and the likelihood that he will re-offend.

While these are non-violent, economic crimes and they did happen in a relatively short period of time, pervasive in the defendant's history is an apparent inability to respect authority and follow rules that he is given. Contrary to the defense's argument that there is no likelihood that he will re-offend, this appears to establish a pattern that indicates a high probability that he *will* continue to flaunt restrictions placed upon him and he will re-offend. Accordingly, the motion for a downward departure based upon an

over-representation of criminal history IS DENIED.

In objection six, the defendant objects to being required to pay for the costs of prosecution. But, the government has not requested that the costs be reimbursed, so this objection is MOOT.

In the seventh objection, the defendant simply restates the arguments provided above. This does not require an additional ruling.

Lake Charles, Louisiana, this 24 day of September, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE